

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2005 AUG 10 P 3: 30

RALPH L. DELOACH
CLERK
_____, DEPUTY
TOPEKA, KS.

| | |
|---|---|
| MARK EPSTEIN and LEON BRAZIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -against- | ) |
| | ) |
| DAVID C. WITTIG, DOUGLAS T. LAKE, | ) |
| CHARLES Q. CHANDLER, IV, FRANK J. BECKER, | ) |
| GENE A. BUDIG, HOHN C. NETTELS, JR., | )  **Case No. 03-4081 (JAR)** |
| ROY A. EDWARDS, JOHN C. DICUS, | ) |
| CARL M KOUPAL, JR., LARRY D. IRICK, | ) |
| and CLECO CORPORATION, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| WESTAR ENERGY, INC., | ) |
| | ) |
| Nominal Defendant. | ) |

## OBJECTION TO PROPOSED SETTLEMENT

Douglas J. Cafer ("shareholder"), hereby objects to the proposed settlement entered into by the company on May 31, 2005, and files this objection pursuant to the procedure set forth in the Notice of Proposed Settlement of Stockholder Derivative Action and Settlement Hearing ("Notice").  Shareholder states that the proposed settlement is unfair because it contains release language so broad as to arguably cover individuals and entities which have harmed the company and its shareholders, are not parties to this proceeding, and have paid no consideration for such release.  In support of its objection, shareholder states as follows:

1.      Shareholder purchased the common stock of Westar Energy, Inc. ("Westar") prior to 1995, was the owner of such stock on June 6, 2005, the date set forth in the Notice, and continues to own such stock as of this date.

2.      The lawsuit filed on behalf of the shareholders of Westar specifically identified numerous instances of wrong doing by the management and board of directors of the company, some of whom are still in their decision-making positions with the company, to wit:  Director John Nettles; Director Charles Q. Chandler IV; and Director R.A. Edwards.

1

The allegations in the lawsuit were based, in large part, upon the findings of the special investigatory committee, as contained in the Report of the Debevoise & Plimpton Law Firm filed with the company in April of 2003 ("Report".)  The Report was commissioned by the Westar Board of Directors at a cost to the company of approximately $14 million. The Report indicated that many of the individual defendants named herein had intentionally engaged in activities which constituted a breach of their fiduciary duties to the company and its shareholders, oftentimes for their own personal gain and benefit.

3.      Through the Report and the on-going criminal trial of former Westar executives, David Wittig and Douglas Lake, it has become apparent that certain individuals and entities who are not parties to this proceeding conspired, aided, and abetted former management in committing the crimes against the company for which the two named individual have been charged.  These entities and individuals include but are not limited to:

      (a)      Attorneys Charles Gilman, Bart Friedman, Michael Macris, Jonathan Mark, and Gary Wolf of the Cahill Gordon & Reindel Law Firm;

      (b)      Brent Longnecker of Resources Connection Consulting Company;

      (c)      Arthur Tildesley of Salomon Smith Barney; and

      (d)      Mark Davis of JP Morgan/Chase Manhattan Bank.

4.      The Settlement includes release language which is drafted so broadly as to arguably include the release of the shareholder's claims against the above individuals who are not defendants in this action, and who have neither defended themselves against the allegations contained in this lawsuit, nor paid any consideration for the release which they may be receiving under the agreement.  Specifically, the last paragraph on page 3 states:

"If the Settlement is approved, Plaintiffs on behalf of themselves, their heirs, executors, administrators, successors and assigns and all other stockholders of Westar during the time of the events alleged in the Complaint, and Westar in its own right (the "Releasors"), shall be deemed to have fully, finally and forever released, relinquished and discharged each and every derivative or direct claim, right, cause of action and right to seek recovery for liabilities, damages, losses, attorneys' fees, costs or expenses, whether suspected or unsuspected, matured or unmatured, including both known and Unknown Claims, and whether based upon federal, state or local statutory or common law, or any other rule or regulation that both: (i) has been or could have been, asserted in the Action by Plaintiffs, upon, connected with or related to any fact, matter, transaction, prospectus, registration statement, proxy statement, annual report (initial or restated), quarterly earnings report (initial or restated), press release or other report or other publicly disseminated documents or public statements of Westar alleged in the Complaint relating to any period prior to July 30, 2003 (the "Settled Claims"), against any of

the Individual Defendants and each of their respective families, heirs, executors, trustees, *__or investment advisors;__* against Westar; against Westar's predecessors, parents, subsidiaries, present or former officers, directors, employees, *__co-venturers, agents, attorneys,__* insurers, reinsurers, *__representatives__* and affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934), successors and assigns; . . ."

5.      The underlined language seems to provide that individuals and entities who are not defendants to this lawsuit are being released from liability for their wrongful acts without having provided a defense to any claim which may be made against them and without having provided any consideration, whatsoever, for such release. The Settlement fails to explain whether these individuals are intended to be covered by the release language, and if so, why they would be granted that benefit without having been a party to the action and without paying some consideration for this very real benefit. If these unnamed individuals are not intended to be beneficiaries of the agreement, then the language should be revised to make this clear.

6.      For the above reasons, shareholder hereby objects to the proposed settlement and requests the opportunity to be heard on the same.

Douglas J. Cafer
5400 SW Moundview Dr.
Topeka, Kansas 66610
(785) 862-7661

3

## VERIFICATION

STATE OF KANSAS      )
                               ) ss
COUNTY OF SHAWNEE   )

     The undersigned, Douglas J. Cafer, upon oath first duly sworn, states that he is familiar with the contents of the foregoing Objection to Proposed Settlement, and that the statements contained therein are true and correct to the best of his knowledge and belief.

_____

Douglas J. Cafer

Subscribed and sworn to before me this 10th day of August, 2005.

_____

Notary Public

My appointment expires:

> **Mary Ann Anderson**
> NOTARY PUBLIC—STATE OF KANSAS
> MY APPT EXP: 11/5/2006

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objection to Proposed Settlement was filed on August 10, 2005 with the Clerk of the Court, U.S. District Court for the District of Kansas, and a correct copy of the same was sent via U.S. Mail to:

Steven G. Schulman, Esq.
Richard H. Weiss, Esp.
Milberg Weiss Bershad & Schulman
One Pennsylvania Plaza
New York, New York   10119

Dennis Glazer, Esq.
Sharon Katz, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York   10017

Karen W. Renwick, Esq.
Walters Bender Strohbehn & Vaughan
2500 City Center Square
1100 Main Street
PO Box 26188
Kansas City, Missouri   64196

Charles German, Esq.
Jason Hans, Esq.
Rouse Hendricks German May
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, Missouri  64106-2147

_____
Douglas J. Cafer
5400 SW Moundview Dr.
Topeka, Kansas 66610
(785) 862-7661